Brian Lynch. (SBN 292511)
Brian@lynchlegalsd.com
402 West Broadway Suite 400
San Diego, CA 92101
Telephone: 678-468-4313

Attorney for Plaintiffs, Michael Brown and Kristina McKeon.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, THE SOUTHERN DIVISION**

| | |
|---|---|
| Michael Brown (AKA Michael Divine) and Kristina McKeon (AKA Violet Divine),<br><br>Plaintiff,<br><br>v.<br><br>Ministry of Sound Group Limited,<br><br>Defendant. | **Civil Action No.**<br><br>**COMPLAINT FOR DIRECT COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT; INDUCEMENT OF COPYRIGHT INFRINGEMENT; STATUTORY AND COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiffs, by and through their attorney of record, allege as follows:

## PARTIES

2. Plaintiffs Michael Brown and Violet Brown, are individuals and artists doing business as Michael and Violet Divine. They are also husband and wife.

3. Upon information and belief, Defendant Ministry of Sound Group Limited ("Ministry of Sound" or "the Defendant") is a wholly owned corporation organized and existing under the laws of the United Kingdom, with its principal place of business at 103 Gaunt St, London SE1 6DP Registered in England & Wales company number: 3299668.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq. This action also includes claims for statutory and common law unfair competition under California state law.

5. The Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. § 1331 and 1338(a). This Court also has supplemental jurisdiction over Plaintiffs' claims arising under state law under 28 U.S.C. § 1367, as those claims form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant because, among other things, Defendant is doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the

State of California and in this judicial district, and Defendant has caused injury to Plaintiffs and their intellectual property within the State of California and in this judicial district. Plaintiffs created the Convergence Mural; the mural was completed. The Convergence Mural is affixed to a church located at 305 Rose Avenue in Venice, California. A copyright notice is incorporated in the Convergence Mural itself. The Defendant solicited a company to travel to the site of Plaintiffs' Convergence Mural and photograph it for commercial purposes despite the clear copyright notice incorporated in the mural. The Defendant has engaged in marketing, sale, and distribution of the Plaintiffs work in this district, throughout the United States and internationally through licensing agreements and other arrangements with other entities. On information and belief, other entities include the Apple iTunes store, Pandora, Spotify, the Google Play store, and other distributors.

7. The Defendant also has hosted a night club in this district. (https://www.facebook.com/ministryla/) Upon information and belief, the nightclub served to promote Ministry of Sound artists and the Ministry of Sound itself.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because the infringement occurred in Los Angeles, the infringing work is located in Los Angeles County in Venice, California as a free standing mural. The Plaintiffs are located in this district.

## BACKGROUND

9. Michael Brown and Kristina McKeon are the sole owners of the work entitled Convergence Mural. A photograph of the work is attached hereto as Exhibit 1 and is a true and correct photo of Convergence Mural. The Convergence Mural was created April 2015. Michael Brown and Kristina

McKeon are the sole authors of the Convergence Mural. The Convergence Mural is located in Venice, California.

10. Defendant used an unauthorized photograph of the Convergence Mural for the cover art for Sigala's music in the iTunes store, Spotify, and other music providers. Sigala is a musician who is signed contractually to Defendant as an artist for Defendant's recording company. Defendant began unauthorized use in the iTunes store no later than September 4, 2015. Defendant continues to willfully infringe, and continues to induce others to infringe, at the time of the filing of this complaint.




11. Defendant contributed to featuring the Convergence Mural in a music video, which has garnered well over 100 million views on YouTube alone. YouTube engages in revenue sharing with content creators. They share revenue with YouTube.

12. The Convergence Mural is a focal point in Sigala's music video, which is located at https://www.youtube.com/watch?v=ozx898ADTxM. A true and correct screenshot from the video is located on the subsequent page.

\\\

\\\

13. Defendant is aware that Plaintiffs are the copyright owners of the Convergence Mural, but persistently refused to acknowledge Plaintiffs' rights, and compensate Plaintiffs for Defendant's unauthorized, infringing uses. The Defendant received a cease and desist letter sent on behalf of Plaintiffs on March 24, 2016. Correspondence with Plaintiffs' former counsel continued until mid-April. Despite multiple requests from Plaintiffs through former counsel, Defendant continues to refuse to acknowledge or compensate Plaintiffs for Defendant's unauthorized, infringing uses, or to halt infringing uses. Plaintiffs then sought litigation counsel for the purposes of filing a complaint in this District. Currently, Defendant refuses to make reasonable offers for compensation or attribution.

14. The United States Copyright Office accepted an application for copyright registration for the Convergence Mural to Michael Brown and Kristina McKeon. The application was filed March 17, 2016. Details of the registration are listed on the subsequent page.

\\\

\\\

\\\

| Copyright Registration Number/Date | Title |
|---|---|
| VA0002006149 /2016-03-17 | Convergence Mural |

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT

15. The Convergence Mural Copyright is enforceable.

16. Upon information and belief, and in violation of 17 U.S.C. § 101, et seq., the Defendant has infringed the copyright for the Convergence Mural by including it as album artwork and featuring it in a music video. Defendant has published, manufactured, distributed and sold images of the Convergence Mural without authorization. Defendant has even used the work on its own website for commercial purposes. A true and correct screenshot of Plaintiffs' artwork, prominently displayed on Defendant's website, is visible below. Residents of this judicial district have accessed this website. Defendants never paid Michael



Brown or Kristina McKeon for Defendants' use of their work nor did they secure authorization to use their work.

17. Plaintiff is entitled to its actual damages in addition to Defendant's profits attributable to the copyrighted material.

18. At the time of this filing, Defendant continues its unauthorized use of the Convergence Mural. This continued unauthorized use includes its feature of the Convergence Mural on album artwork used on the iTunes store and on the Google Play store, and display of the Convergence Mural in a music video, which remains available on YouTube despite communications to Defendant that Defendant lacks authorization for its use, and Defendant's awareness of a copyright application filed with the United States Copyright Office as well as a copyright notice on the Convergence Mural itself. A true and correct photo of the copyright notice on the Convergence Mural is visible below.




19. Defendant's infringement was, and remains, willful, with full knowledge of and complete disregard of Plaintiff's rights.

20. The copyright notice is located on the mural itself listing Michael and Violet Divine as the copyright holders and a link to their website which contains contact information.

21. Plaintiffs are entitled to damages and Defendant's profits in amounts to be proven at trial which are not currently ascertainable.

22. As a direct result of Defendant's infringement, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law. That injury consists of the loss of income and damage to the Plaintiff's reputations as artists capable of managing the licensing and distribution of their work.

23. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiffs' rights in their copyrighted work. Plaintiffs are entitled to preliminary and permanent injunctive relief.

**COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT**

24. Defendant knowingly and systematically has materially contributed to, intentionally induced, and caused their artist known as Sigala, and B1 Recordings GmbH, a Sony Music Entertainment Company, Apple iTunes, the Google Play Store, Spotify, and countless online distributors to infringe Plaintiffs' copyright in their work, including by materially contributing to, intentionally inducing and causing unauthorized reproductions, and distributions of the Convergence Mural without authorization in violations of Sections 106 *et seq.* and Section 501 of the Copyright Act. 17 U.S.C. §§ 106 *et seq.*, and 501. Notwithstanding such knowledge, Defendant has failed to take simple measures, readily available to Defendant, that could prevent further damage to Plaintiffs' interests in their copyrighted work.

\\\

\\\

25. The Google Play store uses the Convergence mural to market other songs as well. A true and correct image from the Google Play store is visible below.




26. Sigala used the Convergence Mural on his Facebook and other social media platforms for commercial gain. A true and correct image from Sigala's Facebook page is included below.



27. B1 Recordings GmbH, a Sony Music Entertainment Company, uses images of the Plaintiffs' copyright work in the iTunes store for commercial gain, under an exclusive license from Defendant. Again, the Defendant uses the Convergence Mural to market more than one item in the iTunes store. A true and correct image from the iTunes store is included below.




28. On information and belief Defendant has committed separate and distinct acts of infringement, using the Work for multiple purposes including using the Work as cover art to promote the Easy Love single through distribution networks.

29. As a direct and proximate result of the infringements by Defendant, Plaintiffs are entitled to damages and Defendant's profits in amounts to be proven at trial which are not currently ascertainable.

30. Plaintiffs further are entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

31. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiffs' rights

in their copyrighted work. Plaintiffs are entitled to preliminary and permanent injunctive relief.

**COUNT III INDUCING COPYRIGHT INFRINGEMENT**

32. Through its conduct, Defendant has infringed Plaintiffs' copyrights by inducing its artist, Sigala, to reproduce, distribute, and publicly use the Convergence Mural without authorization in violation of Sections 106 *et seq.* and Section 105 of the Copyright Act. 17 U.S.C. §§ 106 *et seq.*, and 501.

33. Each infringement by Defendant of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

34. Defendant's acts of infringement were willful, in disregard of, and with indifference to the rights of Plaintiffs.

35. As a direct and proximate result of the infringements by Defendant, Plaintiffs are entitled to damages and Defendant's profits in amounts to be proven at trial which are not currently ascertainable.

36. Plaintiffs further are entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

37. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiffs' rights in their copyrighted work. Plaintiffs are entitled to preliminary and permanent injunctive relief.

\\\

\\\

\\\

**COUNT IV STATUTORY AND COMMON LAW UNFAIR COMPETITION**

38. The acts and conduct of Defendant constitute an appropriation and invasion of the property rights of Plaintiffs in the Convergence Mural and constitute unfair competition under applicable statutory and common law.

39. As a direct and proximate result of Defendant's conduct, Plaintiffs are further entitled to recover all proceeds and other compensation received or to be received by Defendants arising from the infringements of the Convergence Mural. Plaintiffs request the Court to order Defendant to render an accounting to ascertain the amount of profits and compensation.

40. As a direct and proximate result of Defendant's unfair competition, Plaintiffs have been damaged, and Defendant unjustly enriched, in an amount to be proven at trial for which damages, restitution, and disgorgement is appropriate. Such damages, restitution and disgorgement should include a declaration by this Court that Defendant is a constructive trustee for benefit of Plaintiffs, and an order that Defendant convey to Plaintiffs all the gross receipts received or to be received that are attributable to infringement of the Convergence Mural.

41. Through its conduct, Defendant is guilty of oppression, fraud or malice. Plaintiffs, in addition to their actual damages, are by reason thereof entitled to recover exemplary and punitive damages against Defendant.

42. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiffs' rights

to the Convergence Mural. Plaintiffs are entitled to preliminary and permanent injunctive relief.

**PRAYER FOR RELIEF**

Plaintiffs Michael Brown and Kristina McKeon pray for judgment and relief as follows:

A) For Defendant's profits which are attributable to the use of Convergence Mural;

B) For Plaintiffs' lost profits which are attributable to lack of attribution and compensation from Defendant;

C) For preliminary and permanent injunctions enjoining Defendant and persons acting in concert or participation with Defendant from: (1) directly or indirectly reproducing, distributing, publicly performing, or otherwise infringing any manner on Plaintiffs' copyrighted works, whether now in existence or created in the future; (2) causing contributing to, inducing, enabling, facilitating, or participating in the infringement of any of the Plaintiffs' copyrighted works; and (3) from displaying their mark, logo, or artists name or logo in connection with the dissemination of unauthorized copies of Plaintiffs' copyrighted works.

D) For restitution of Defendants' unlawful proceeds.

E) For punitive and exemplary damages, as authorized for Plaintiffs' state law claims, in such amount as may be awarded at trial.

F) For prejudgment interest according to law.

G) For reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

H) For costs of suit incurred herein; and

I) Such other or further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

43. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

LYNCH LEGAL CONSULTING

Dated: July 20, 2016 By: /s/Brian Lynch

Brian Lynch, Esq.
Attorney for Plaintiffs
Michael Brown and Kristina McKeon